Report Date: May 10, 2017

# United States District Court

## for the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 11, 2017

SEAN F. MCAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Courtney D. Vaughn                Case Number: 0980 2:14CR00021-RMP-019

Address of Offender: ▓▓▓▓▓▓▓▓, Spokane, Washington 99207

Name of Sentencing Judicial Officer:  The Honorable Rosanna Malouf Peterson, U. S. District Judge

Date of Original Sentence: March 10, 2015

| | |
|---|---|
| Original Offense: | Distribution of Oxycodone Hydrochloride, 21 U.S.C. § 841(a)(1) |
| Original Sentence: | Prison - 21 months<br>TSR - 36 months |

Type of Supervision: Supervised Release

| | |
|---|---|
| Asst. U.S. Attorney: | Russell E. Smoot |
| Defense Attorney: | Federal Public Defender |

Date Supervision Commenced: October 16, 2015

Date Supervision Expires: October 15, 2018

## PETITIONING THE COURT

**To REQUEST A WARRANT** and to incorporate the violation(s) contained in this petition in future proceedings with the violations previously reported to the Court on June 22, 2016, April 7, 2017, and April 18, 2017.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 9 | **Mandatory Condition # 2**: The defendant shall not commit another Federal, state, or local crime.<br><br>**Supporting Evidence**: On October 19, 2015, Courtney Vaughn signed his conditions for case number 2:14CR00021-RMP-19, indicating he understood all conditions ordered by the Court.  Specifically, Mr. Vaughn was made aware by his U.S. probation officer that he may not commit another Federal, state, or local crime.<br><br>On May 2, 2017, Mr. Courtney Vaughn violated the terms of his supervised release by driving with a suspended license and by having a scale and cocaine in his vehicle. Specifically, on May 2, 2017, the undersigned officer received notification from law enforcement officers that Mr. Vaughn had been contacted on the day in question, and it was subsequently determined that the client was in possession of a "scale and white powder." As a part of the contact, Mr. Vaughn lied to authorities regarding his status on state supervision, and was determined to be in the presence of one Taurean Jones, an individual known to the client to be a convicted felon, as Mr. Vaughn had previously associated with the individual |

during the commission of a crime, as reported to the Court on the petition dated June 22, 2016.

Police reports were immediately requested regarding the incident and on May 10, 2017, the U.S. Probation Office in Spokane received the initial police report and subsequent charging request in reference to the incident. The police report serves to document an incident occurring on May 2, 2017, at 1:15 a.m., in which the vehicle driven br Mr. Vaughn was stopped by law enforcement due to a series of observed traffic violations.

Upon contacting and identifying Mr. Courtney Vaughn as the driver of the vehicle, Mr. Vaughn admitted that he was driving with a suspended license, a fact later verified by the contacting officer. Mr. Vaughn was arrested for the violation, and the passenger of the vehicle was contacted and determined to be Taurean Jones. Mr. Jones was found to have an active warrant and was placed under arrest.

A search of Mr. Jones following his lawful arrest was conducted by the arresting officer, and a total of $1,500.50 was located on his person. Mr. Jones was unable to articulate how he had made the money. Mr. Vaughn was asked to consent to a search of the vehicle to which he initially agreed, but later recanted once the officer reached the trunk of the vehicle.

Staff with the Washington State Department of Corrections (DOC) subsequently responded due to Mr. Jones' active supervision with the agency. Upon arrival, DOC staff inquired with Mr. Vaughn about any active supervision with their agency to which he denied. It should be noted that Mr. Vaughn is in fact currently on supervision with their agency as a direct result of the client's behavior, as articulated in the petition submitted to the Court on June 22, 2016, and in which the client was also subsequently convicted of drug possession while in the presence of Taurean Jones. DOC staff continued the search of the vehicle and located a scale and a "plastic bag with a white powder substance approximately the size of a ping pong ball" in the trunk of the vehicle. The search was stopped and a warrant sought. The substance identified was later tested after the search warrant was served and was determined to be cocaine.

The charging request and witness list provided requests that charges be filed against the client for one count of Controlled Substance Delivery/Manufacture/Possession with Intent to Deliver, in violation of 69.50.401, a Class C felony.

10 **Standard Condition # 9**: The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

**Supporting Evidence**: On October 19, 2015, Courtney Vaughn signed his conditions for case number 2:14CR00021-RMP-19, indicating he understood all conditions ordered by the Court. Specifically, Mr. Vaughn was made aware by his U.S. probation officer that he may not have contact with any person engaged in criminal activity, and that he could not associate with any person convicted of a felony, unless granted permission to do so by the undersigned officer.

On May 2, 2017, Mr. Courtney Vaughn violated the terms of his supervised release by associating with Taurean Jones, an individual known to him to have been convicted of a

felony. Specifically on May 2, 2017, Mr. Courtney Vaughn was stopped by law enforcement while driving and found to be in the company of Taurean Jones, an individual known to the client to be a convicted felon. It should be noted that Mr. Vaughn had previously associated with Mr. Jones and had previously admitted to the undersigned officer that he was aware of Mr. Jones' criminal history, and his condition that he not associate with such an individual.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: May 10, 2017

s/ Chris Heinen

Chris Heinen
U.S. Probation Officer

## THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[X] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ] Defendant to appear before the Judge assigned to the case.
[X] Defendant to appear before the Magistrate Judge.
[ ] Other

Signature of Judicial Officer

5/11/2017
Date