Report Date: August 7, 2019

# United States District Court

### for the

### Eastern District of Washington

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Courtney D. Vaughn | Case Number: 0980 2:14CR00021-RMP-19 |
| Address of Offender: | Spokane Valley, Washington 99037 |

Name of Sentencing Judicial Officer: The Honorable Rosanna Malouf Peterson, U.S. District Judge

Date of Original Sentence: March 10, 2015

Original Offense: Distribution of Oxycodone Hydrochloride, 21 U.S.C. § 841(a)(1)

Original Sentence: Prison - 21 Months;  Type of Supervision: Supervised Release
TSR - 36 Months

Revocation Sentence: Prison - 14 Months;
(October 10, 2017) TSR - 36 Months

Asst. U.S. Attorney: James A. Goeke  Date Supervision Commenced: April 16, 2018

Defense Attorney: Federal Public Defender  Date Supervision Expires: April 15, 2021

## PETITIONING THE COURT

To issue a **WARRANT** and to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court on 09/06/2018, 09/26/2018, 10/12/2018, 01/08/2019, 06/07/2019, and 07/18/2019.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 12 | **Special Condition # 6**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |
| | **Supporting Evidence**: Mr. Vaughn is alleged to have violated special condition number 6 by ingesting marijuana on or about July 30, 2019, based on urinalysis testing and the client's admission of such use, and by tampering with and removing his applied sweat patch without the undersigned officer's consent. |
| | On April 19, 2018, Mr. Courtney Vaughn signed his conditions relative to case number 2:14CR00021-RMP-19, indicating he understood all conditions as ordered by the Court. Specifically, Mr. Vaughn was made aware by his U.S. probation officer that he was required to refrain from the use of illicit substances and fully comply with urinalysis and sweat patch testing as directed. |

Specifically, and as the Court likely recalls, Mr. Vaughn previously presented before the Court on July 26, 2019, to allow for the adjudication of numerous previously alleged violations of the client's term of supervised release. As a part of the hearing, the Court directed Mr. Vaughn to become engaged in sweat patch testing and the patch was subsequently applied to the client on the day in question, following the aforementioned hearing.

On July 30, 2019, the client reported to the U.S. Probation Office in Spokane, and advised staff his sweat patch fell off after he engaged in 2 days of swimming and then showered. It should be noted, according to training material, the sweat patch can be used while swimming and showering. As a part of the contact Mr. Vaughn submitted to urinalysis testing, the results of which were initially presumptive positive for marijuana and cocaine. The client denied any new use of illicit substances, other than what was previously known by the Court. It should be noted the client's previous admission of use was made on July 11, 2019, at which time the client identified his last use of marijuana as occurring on July 10, 2019. Mr. Vaughn additionally submitted to urinalysis testing at the U.S. Probation Office on July 23, 2019, the results of which was negative for all drugs tested for.

On August 3 and 4, 2019, laboratory results were received relative to the client's urinalysis sample submitted at the U.S. Probation Office on July 30, 2019. According to the results received, the sample submitted was confirmed as being positive for marijuana, but negative for cocaine.

On August 6, 2019, Mr. Vaughn reported to the U.S. Probation Office in Spokane as directed. Mr. Vaughn initially explained he was still likely positive from his last admitted use of marijuana and stated he intentionally drank water in excess to dilute his specimen submitted on July 23, 2019, in order to avoid detection. Upon being advised that this statement did not make sense, as residual use would not be considered a new violation, Mr. Vaughn then stated he would be honest and admitted to using marijuana the night before Court, previously occurring on July 25, 2019. Mr. Vaughn was confronted on his clear lack of transparency and he stated he previously withheld the information out of fear of going into custody.

The U.S. Probation Office respectfully recommends the Court to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court, and that the Court issue a **WARRANT**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: August 7, 2019

s/Chris Heinen

Chris Heinen
U.S. Probation Officer

THE COURT ORDERS

[X] No Action
[ ] The Issuance of a Warrant
[ ] The Issuance of a Summons
[X] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ] Defendant to appear before the Judge assigned to the case.
[ ] Defendant to appear before the Magistrate Judge.
[ ] Other

_____
Signature of Judicial Officer

8/7/2019
_____
Date