FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 14, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>COURTNEY D. VAUGHN (19),<br><br>　　　　　　　　Defendant. | NO:  2:14-CR-21-RMP-19<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

BEFORE THE COURT is Defendant's Motion for Compassionate Release/Reduction in Sentence, ECF No. 2592.  The Court has reviewed the motion, the record, and is fully informed.  After considering the applicable factors provided in 18 U.S.C. § 3553(a), and the applicable policy statements issued by the Sentencing Commission, the Court finds that compassionate release is not supported by the facts of this case.

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE ~ 1

## BACKGROUND

This Court sentenced Defendant Courtney D. Vaughn on January 15, 2020, to 24 months incarceration for violations of Defendant's term of supervised release. *See* ECF No. 2521. Defendant is currently incarcerated at SeaTac FDC and is projected to be released on August 28, 2021. ECF No. 2598 at 2.

Defendant asks the Court to release him to home confinement due to his suffering from hypertension, bipolar disorder, mood disorder, post-traumatic stress disorder, myopia, lower back pain, and remission for Hodgkin's lymphoma, coupled with the fear of contracting COVID-19. ECF. 2592 at 1.

## DISCUSSION

Federal Rule of Criminal Procedure 35 generally delineates the parameters of a district court's ability to modify a prison sentence once judgment is entered. That provision offers no relief to Mr. Vaughn.

However, 18 U.S.C. § 3582(c)(1)(A) provides an opportunity for a reduced sentence if, after the Court considers the factors under 18 U.S.C. § 3553(a) to the extent that they are applicable, the Court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission[.]"

The U.S. Sentencing Commission has issued a policy statement recognizing certain circumstances as "extraordinary and compelling reasons" for purposes of

compassionate release, so long as "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)":

    (A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory) . . .

    (ii) The defendant is—

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S. Sentencing Guidelines Manual ("USSG") § 1B1.13.

    Following enactment of the First Step Act, a federal prisoner may move on his own behalf for a sentence reduction and compassionate release after exhausting all administrative appeals of the Bureau of Prisons' refusal to bring such a motion or after "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

    Mr. Vaughn previously had requested compassionate release from Warden Jacquez at SeaTac FDC, ECF No. 2592-1 at 8, and the Warden denied the request on April 21, 2020. Mr. Vaughn filed the current motion on March 8, 2021, more than

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE ~ 3

thirty days after the Warden's denial of his request to the BOP. Although the Government, for the purposes of the timely resolution of this motion, "waive[d] the mandatory claim-processing requirements[1] of 18 U.S.C. § 3582(c)," Mr. Vaughn's motion appears to be timely. Given the Government's non-objection, the Court will consider the merits of the request.

The Court next turns to whether Mr. Vaughn has presented a basis to support that he has "extraordinary and compelling" circumstances that would justify compassionate release in light of both 18 U.S.C. § 3582(c) and 18 U.S.C. § 3553(a), which the United States Sentencing Commission directs courts to consider. U.S.S.G § 1B1.13.

Mr. Vaughn maintains that he suffers from hypertension, bipolar disorder, mood disorder, post-traumatic stress disorder, myopia, lower back pain and remission for Hodgkin's lymphoma, coupled with the fear of contracting COVID-19. ECF No. 2592 at 1. Mr. Vaughn asserts that he has not received proper medical care at SeaTac FDC and that these underlying conditions create compounding concerns for his health should he contract the COVID-19 virus. ECF No. 2599 at 2.

---

[1] "The Department of Justice has modified its position on exhaustion of administrative remedies under 18 U.S.C. § 3582(c) to clarify that the Department considers the administrative requirements of 18 U.S.C. § 3582(c) to be mandatory claim-processing rules rather than jurisdictional limitations." ECF No. 2598 at 14 (citing *United States v. Franco*, No. 20-60473, 2020 WL 5249369 (5th Cir. 2020); United States v. Alam, 960 F.3d 831, 833-836 (6th Cir. 2020)).

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE ~ 4

Although the Court is sympathetic to the fact that Mr. Vaughn suffers from these conditions, his medical records do not support the conclusion that he is not receiving proper medical care at SeaTac FDC, or that these conditions create "extraordinary or compelling reasons" to reduce his sentence. *See* ECF No. 2592-1. Furthermore, with respect to the general danger posed by COVID-19, the pandemic is being actively managed by the BOP within federal institutions in a responsible manner. ECF No. 2598 at 5–11; *see also United States v. Tomblin*, NO: 2-11-CR-12-RMP-2, 2020 WL 5411377 at *2 (E.D. Wash. Sept. 9, 2020) ("The Court does not accept the existence of COVID-19 in a BOP facility as a basis for releasing the inmates of that facility.").

Moreover, the factors to be considered in imposing a sentence under 18 U.S.C. § 3553(a) further weigh against compassionate release for Mr. Vaughn, especially "the nature and circumstances of the offense and the history and characteristics of the defendant," and the need to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2)(C). In imposing the current sentence and terminating supervised release, the Court found that Defendant presented a danger to the community based on a lengthy history of supervised release violations, as well as continued criminal conduct and drug usage. ECF No. 2543 at 9–10, 15.

Defendant asserts that while incarcerated, he has completed rehabilitative programs, mitigating any danger that he poses to others in the community. ECF No. 2599 at 10–12. Although the Court applauds Defendant's efforts in completing these

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE ~ 5

programs, these efforts do not overcome Defendant's significant criminal history and drug use so as to nullify the risk of danger to others in the community. 18 U.S.C. § 3142(g).

In conclusion, the factors set forth under 18 U.S.C. § 3553(a) strongly suggest that Defendant's original sentence of 24 months incarceration was the minimal sentence necessary to effect just punishment and protect the community from Defendant's criminal conduct. Absent "extraordinary or compelling" circumstances, and after considering the § 3553 factors, compassionate release is not supported by the facts of Mr. Vaughn's case.

Accordingly, **IT IS HEREBY ORDERED**: Defendant's Motion for Compassionate Release/Reduction in Sentence, **ECF No. 2592**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel and Defendant.

**DATED** April 14, 2021.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge